United States District Court
for the
Southern District of Florida

| Georgia Givens, Plaintiff, | ) | |
|---|---|---|
| | ) | |
| v. | ) | Civil Action No. 20-20846-Civ-Scola |
| | ) | |
| Carnival Corporation, Defendant. | ) | |

**Order Striking Complaint**

This matter is before the Court on an independent review of the record. This maritime tort action arises from injuries allegedly sustained by the Plaintiff Georgia Givens when she slipped and fell while a passenger aboard a ship operated by Defendant Carnival Corporation (Am. Compl., ECF No. 1.) Her complaint, however, fails to properly allege the Court's subjection-matter jurisdiction and, additionally, is a shotgun pleading. The Court therefore **strikes** Givens's complaint.

1. **Subject-Matter Jurisdiction**

Givens alleges subject-matter jurisdiction based on diversity jurisdiction under 28 U.S.C. § 1332. A party seeking to invoke a federal court's diversity jurisdiction must allege "facts" that show that federal-subject-matter jurisdiction exists. *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013). "Those allegations, when federal jurisdiction is invoked based upon diversity, must include the citizenship of each party, so that the court is satisfied that no plaintiff is a citizen of the same state as any defendant." *Id.* Givens's complaint's jurisdictional allegations are deficient with respect to her claim that the Court has jurisdiction over this case as a result of the parties' diversity.

Under 28 U.S.C § 1332(a)(1), it is the citizenship, or domicile, of an individual party that is the relevant inquiry, not her or his residence. *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1341–42 (11th Cir. 2011) ("Domicile is not synonymous with residence; one may temporarily reside in one location, yet retain domicile in a previous residence."); *Crist v. Carnival Corp.*, 410 F. App'x 197, 200 (11th Cir. 2010) (explaining that an allegation that a party is a "resident" of a State is "insufficient for diversity jurisdiction purposes because residency is not the equivalent of citizenship"). Here, however, Givens alleges only that she is "a resident of Houston County, Alabma." (Compl. at ¶ 1.) This is insufficient and does not assure the Court that it has diversity jurisdiction over this case.

Further, Givens must specifically identify Carnival Corporation's citizenship. *Investissement Yves Auclair, Inc. v. MLM Experts, LLC*, 617CV2131ORL41KRS, 2018 WL 1832867, at *2 (M.D. Fla. Jan. 25, 2018), *report and recommendation adopted*, 617CV2131ORL41KRS, 2018 WL 3344549 (M.D. Fla. July 9, 2018) ("[I]t is well established that parties seeking to invoke a federal court's diversity jurisdiction cannot establish diversity in the negative as an affirmative identification of citizenship is necessary to assure that the adverse party is a citizen of a 'state,' as defined for purposes of 28 U.S.C. § 1332.") (citing *Cameron v. Hodges*, 127 U.S. 322, 325 (1888) for the proposition that courts must be "very particular in requiring a distinct statement of the citizenship of the parties, and of the particular state in which it is claimed"). In order to properly establish the Court's diversity jurisdiction, Givens must specifically identify the state in which Carnival Corporation is incorporated and the state in which it has its principal place of business. *See* 28 U.S.C § 1332(c)(1)

If Givens is unable to properly allege diversity jurisdiction, the Court will assume jurisdiction of this case under its admiralty jurisdiction. If the case proceeds only under the Court's admiralty jurisdiction, the Court will strike Givens's demand for jury trial.

**2. Shotgun Pleading**

In her complaint, Givens asserts one count of negligence against Carnival. She has lumped as many as nine claims for relief into her sole negligence count. Many of these "breaches" raise distinct theories of liability, some of which are redundant. (*Compare, e.g.*, *id.* at ¶ 13.d. ("Failing to properly train its agents and/or employees to keep the premises in a reasonably safe condition for invitees and specifically, for the Plaintiff.") *with id.* at ¶13.f. ("Failing to implement and train its agents and/or employees in policies and procedures designed to reasonably assure the safety of invitees on the premises.")).

"Courts in the Eleventh Circuit have little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294-95 (11th Cir. 2018). They violate Federal Rules of Civil Procedure 8(a)(2) and 10(b), "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *Id.* (quotations and alterations omitted). When presented with a shotgun pleading, a district court "should strike the pleading and instruct counsel to replead the case—if counsel could in good faith make the representations required by Fed. R. Civ. P. 11(b)." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357-58 (11th Cir. 2018) ("This is so even when the other party does not move to strike the pleading"). One type of shotgun pleading is where a complaint fails to "separate[] into a different count each cause of action or claim for relief."

*Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1322-23, n.13 (11th Cir. 2015). The complaint here is this type of shotgun pleading.

Within its "negligence" count, Givens attempts to cram multiple, distinct theories of liability into one claim. (Compl. at ¶ 13.) Each distinct theory, however, is a separate cause of action that must be asserted independently and with corresponding supporting factual allegations.[1] *See Garcia v. Carnival Corp.*, 838 F. Supp. 2d 1334, 1337, n.2 (S.D. Fla. 2012) (Moore, J.) (dismissing maritime negligence claim that "epitomizes a form of 'shotgun' pleading," where the plaintiff alleged that the defendant owed a duty of "reasonable care under the circumstances," and then "proceed[ed] to allege at least twenty-one ways in which [the d]efendant breached this duty"); *Brown v. Carnival Corp.*, 202 F. Supp. 3d 1332, 1338 (S.D. Fla. 2016) (Ungaro, J.) ("Simply alleging that Carnival owed Plaintiff a duty of 'reasonable care' in a conclusory fashion, while also pleading ["forty-one"] alleged breaches that purport to impose a heightened duty upon Carnival, is not sufficient to state a valid negligence claim under maritime law," and holding that "the burden will remain on Plaintiff to review her Complaint and ensure that each factual allegation is supported by law and plausible facts, and is alleged in good faith."); *Gayou v. Celebrity Cruises, Inc.*, No. 11-23359-Civ, 2012 WL 2049431, at *5-*6, n.2 (S.D. Fla. June 5, 2012) (Scola, J.) (ordering plaintiff to amend complaint to "separately allege an independent count" for various theories of liability that were lumped into a single maritime negligence claim); *Flaherty v. Royal Caribbean Cruises, Ltd.*, No. 15-22295, 2015 WL 8227674, *3 n.3 (S.D. Fla. Dec. 7, 2015) (Lenard, J.) (same); *Doe v. NCL (Bahamas) Ltd.*, 2016 WL 6330587, at *3 (S.D. Fla. Oct. 27, 2016) (Ungaro, J.) (holding that Plaintiff's "boilerplate allegations" of breach of duty failed to state a claim for negligent hiring and retention, training and supervision under maritime law, and ordering Plaintiff to "allege each of these three claims **in separate Counts**" in an amended complaint (emphasis in original)); *Ciethami v. Celebrity Cruises, Inc.*, 207 F. Supp. 3d 1345, 1349-50 (S.D. Fla. 2016) (Williams, J.) (holding that maritime negligence claim failed Rule 8(a), where the Plaintiff's "shotgun-style recitation[]" of "34 breaches of duty," "without any factual context," makes "any meaningful assessment of her claims difficult"); *Gharfeh v. Carnival Corp.*, No. 17-20499, 2018 WL 501270, at *3, *6-*7 (S.D. Fla. Jan. 22, 2018) (Goodman, Mag. J.) (dismissing maritime negligence count that "improperly commingles claims" as an "impermissible shotgun pleading"); *Ward v. Carnival Cruises*, No. 17-24628, 2019 WL 342027, at **2-3, n.1, n.2 (S.D. Fla. Jan. 28, 2019) (Scola, J.) (collecting cases).

---

[1] For example, the facts supporting Given's claim based on Carnival's failure to warn will most certainly be distinct from Given's claim based on Carnival's failure to train its crew.

Accordingly, the Court **strikes** the complaint, (**ECF No. 1**), as a shotgun pleading. Givens may file an amended complaint by **March 13, 2020**, provided it complies with this order, Federal Rules of Civil Procedure 8(a) and 10(b), and the *Iqbal/Twombly* standard. Furthermore, Givens is admonished not to include redundant claims or counts in her amended pleading.

Givens is forewarned that failure to comply with this order may result in the dismissal of this case with prejudice or other appropriate sanctions. *See Jackson*, 898 F.3d at 1358-59 (instructing that "if the plaintiff fails to comply with the court's order—by filing a repleader with the same deficiency—the court should strike his pleading or, depending on the circumstances, dismiss his case and consider the imposition of monetary sanctions." (quotations omitted)).

**Done and ordered**, in Chambers, in Miami, Florida on February 28, 2020.

Robert N. Scola, Jr.
United States District Judge